United States District Court
Southern District of Texas
FILED

AUG 1 1 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MANUEL PEREZ, JR., §
                      Plaintiff §
§
v. § CIVIL ACTION NO. **B-03-140**
§
JOHN ASHCROFT, Attorney General §
Of the United States and § JURY DEMAND
TOM RIDGE, Secretary of the United §
States Department of Homeland §
Security §

---

## COMPLAINT

---

## I. JURISTICTION AND PARTIES

(1)    This suit is brought and jurisdiction lies pursuant to Section 501 of the Rehabilitation Act, as amended (hereinafter "RA"), 29 U.S.C. §791, which incorporates by reference Title I  Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12111 *et seq.*, 12201-12204 and 12210 as such sections relate to employment.

(2)    All conditions precedent to jurisdiction under §501 of RA, 29 U.S.C. §791, have occurred or been complied with.

(a)    A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

(b)    A Notification of Right to Sue was received from the EEOC on May 12, 2003.

---

(c)    This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

(3)    Plaintiff, MANUEL PEREZ, JR., is a citizen of the United States and the state of Texas who resides at 206 East 7th Street, Los Fresnos, Texas 78566.

(4)    Respondents, United States Department of Justice, IMMIGRATION & NATURALIZATION SERVICE ("INS") and/or United States Department of Homeland Security, are proper respondents..

(5)    All the discriminatory employment practices alleged herein were committed within the state of Texas.

## II. STATEMENT OF FACTS

(6)    On April 25, 1988, Plaintiff was hired by the IMMIGRATION & NATURALIZATION SERVICE within the United States Department of Justice now known as the Bureau of Immigration and Customs Enforcement within the United States Department of Homeland Security and worked for INS continuously until October 22, 2001.

(7)    While employed by INS, Plaintiff worked as an Immigration Detention Enforcement Officer.  Plaintiff fully, adequately and completely performed all of his duties.

(8)    On June 15, 1994, Plaintiff sustained severe injuries to his neck and elbow during the course of PR-24 Training.   Plaintiff was placed on medical leave by INS in order to allow him to recuperate from these injuries.

(9)    On or about October 29, 1996, Plaintiff requested that INS accommodate his physical impairment by allowing him to return to work on light duty status as

recommended by Plaintiff's physician.

(10)   INS refused Plaintiff's request for light duty status even though INS had available openings in Plaintiff's job category.   INS did not offer any alternative accommodation to allow Plaintiff to return to work.

## III. CLAIM FOR RELIEF

(11)   From June 15, 1994, the day Plaintiff received his injuries, through the present time, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).   More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such impairment.

(12)   Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C §12111(8).  More specifically, Plaintiff is an individual with a disability who, with the reasonable accommodation of being placed on light duty status, can perform the essential functions of his job as an Immigration Detention Enforcement Officer.

(13)   Despite Plaintiff's request, INS has refused to make reasonable accommodation to Plaintiff by placing him on light duty status.

(14)   INS's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment.  INS's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. §12112(b)(5)(A).

(15)   INS has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

(16)    In failing to make reasonable accommodation to Plaintiff's physical disability, INS acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

(17)    As a direct and proximate result of INS's discrimination on the basis of disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities (promotions).

(18)    Defendant's failure to make reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## IV. RELIEF REQUESTED

Plaintiff requests the judgment of this Court against Defendant INS as follows:

(19)    Find and hold the Plaintiff has suffered from Defendant's acts of discrimination on the basis of disability;

(20)    Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his positions as an Immigration Detention Enforcement Officer;

(21)    Order that INS reasonably accommodate Plaintiff by placing him on light duty status as an Immigration Detention Enforcement Officer;

(22)    Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(23)    Award Plaintiff punitive damages in an amount to be determined at trial of this matter;

(24)    Enjoin INS from any further prohibited discrimination against Plaintiff;

(25)    Award Plaintiff his attorney's fees, including litigation expenses, and the costs of this action; and

(26)    Grant such other and further relief as may be just and proper.

Plaintiff demands trial by jury.

Dated:          August 11, 2003

Respectfully submitted,


T.  Mark Blakemore
State Bar No. 02431800 – FedID#1915
**Attorney for the Plaintiff**

Attorney, Counselor and Mediator
835 E. Levee Street, Sixth Floor
Brownsville, Texas 78520-5101
Telephone: (956) 541-5900
Facsimile: (956) 541-5905
Email:  tmblakemore@tmb-atty.com