

**U.S. Department of Justice**
Immigration and Naturalization Service

HLG 100/4.5

*2102 Teege Avenue*
*Harlingen, Texas 78550*

*October 26, 2001*



MEMORANDUM FOR  ALFONSO R. DE LEON
                              DEPUTY DISTRICT DIRECTOR
                              HARLINGEN DISTRICT

FROM:     Cecilio L. Ruiz, Jr.
              Assistant District Director
              for Detention/Deportation
              Harlingen District

SUBJECT:  <u>Resignation Re: DEO Manuel Perez</u>

    The attached memorandums concerning the resignation of Detention Enforcement Officer Manuel Perez are forwarded for your review and information. The details surrounding the resignation are well documented.

cc: Janice Hernandez, AO

Exhibit G

Page 1 of 7

U.S. Department of Justice
Immigration and Naturalization Service



PIC100/5.4(A)

*Rt. 3 Box 341*
*Los Fresnos, Texas 78566*

MEMORANDUM FOR CECILIO L. RUIZ, JR.
    ASSISTANT DISTRICT DIRECTOR FOR DETENTION & REMOVALS
    HARLINGEN DISTRICT

FROM:  Aaron L. Cabrera
    Center Administrator
    Port Isabel Service Processing Center

SUBJECT: Resignation of Manuel Perez, Detention Enforcement Officer

  The attached memorandums are submitted for your review and recommendation regarding the circumstances surrounding the resignation of Manuel Perez, Detention Enforcement Officer.

  On Monday October 22, 2001, Supervisory Detention Enforcement Officer (SDEO) Senobio Martinez assigned Manuel Perez the Key Control Post located in building 9. This assignment is a light duty post that requires no heavy lifting or strenuous activity. Officer Perez has been on light duty since his return from leave without pay (March 27, 2000) due to a shoulder injury that occurred in 1994. He declined to work Key Control stating it would be too strenuous on his back. He also stated he had an agreement between his doctor, the Union and the Service that he would only be assigned the command trailer.

  SDEO Martinez referred Officer Perez to Duty Operations Supervisor (DOS) Yzaguirre who in turn advised him he has been assigned the Key Control Post and he should go to his post. Officer Perez again declined and stated if he did not get the Control trailer assignment he would go home. DOS Yzaguirre told Officer Perez he would not be granted leave and charged absent without leave if he went home without approval. Officer Perez later returned to DOS Yzaguirre and turned in his badge and credentials and said he was leaving. DOS Yzaguirre then escorted Officer Perez to Supervisory Detention & Deportation Officer (SDDO) Louis Castle's office in order to talk to him possibly reconsidering his decision.

In SDDO Castle's office, Officer Perez again refused to accept his assignment based on his claim that he had an agreement between his doctor, the Union and the Service that he would only be assigned the command trailer. Officer Castle reviewed Officer Perez' Workman's Compensation File and PISPC employee file and found no such agreement. A doctor's excuse and a specific and subsequent medical report provided by Dr. Sweeny of Renaissance Orthopedics was located that says Officer Perez can return to light duty with no repeated neck bending movements, no lifting greater than 15 pounds and he must be able to change his position every hour if possible.

SDDO Castle advised Officer Perez he was to remain at Key Control until he is able to produce evidence of any such agreement. Officer Perez again refused to work in key control refusing a supervisors instruction and assignment. SDDO Castle again asked Officer Perez in the presence of SDEO Martinez to work his assigned task and Officer Perez refused. SDDO Castle as an alternative offered Officer Perez the Building 9 Lobby Post and he also refused. This post is a light duty post that requires no strenuous activity. He declined and asked SDDO Castle if he can work in the Administration Building for the purpose of answering calls. At this point SDDO Castle gave Officer Perez an order that he would have to work as the Key Control Officer and that any refusal would be considered in subordinate to authority. He again refused.

SDDO Castle states in his memorandum he had tried to resolve the issue with Officer Perez and it seems that nothing he could do or say would change his mind. So he relieved Officer Perez of his duties and told him to go home. Officer Perez and DOS Yzaguirre returned to SDDO Castle's office. Officer Perez advised he is turning his badge and credentials and he was requesting to resign. SDDO Castle attempted to talk Officer Perez out of resigning but he again refused his assignment and Officer Perez request to resign was accepted. He refused to put his resignation in writing, was given an exit survey and a copy of the resignation SF-52 but he declined both forms. Officer Perez did sign his property card for his badge and credentials.

A Fit for Duty Examination was conducted on Officer Perez in May of 2001 but the physician has not submitted the results. A Specific and Subsequent Medical Report signed by Dr. Humberto Tijerina and dated March 9, 2000 is attached. It states in the physicians opinion he can perform light duty including no repeated neck bending movements, not to lift above 10-15 pounds and he should be allowed to change position every hour to be more comfortable. The physician also stated at present, Officer Perez is unable to perform the duties of a journeyman Detention Enforcement Officer.

Officer Perez was afforded the opportunity to continue working in light duty posts that required very little movement and no strenuous activity. Management has the right to issue assignments. Officer Perez refusal was insubordinate. He knowingly refused a lawful direct order. He not only refused to work once but also refused several times in front of different supervisors. SDDO Castle had no other recourse but to accept Officer Perez resignation.

Attachments



**U.S. Department of Justice**
Immigration and Naturalization Service

PIC 100/6

Rt. 3 Box 341
Los Fresnos, Texas 78566

October 24, 2001

MEMORANDUM FOR:   Aaron Cabrera
                  Center Administrator
                  Port Isabel Service Processing
                  Center

FROM: Louis D. Castle Sr.
      Supervisory Detention &
      Deportation Officer
      Port Isabel Service Processing
      Center

SUBJECT: Insubordination/Failure to Follow Instructions.

    On October 22, 2001, at approximately 0945 hrs. Mr. Leonardo Yzaguirre, Duty Operational Supervisor, came to my office to advise me that Mr. Manuel Perez, Detention Enforcement Officer, is refusing to accept his assignment to his post as Key Control Officer. DOS Yzaguirre stated that his reasons were due to injuries that Mr. Perez had sustained in the past. Mr. Perez further stated that "He had an excuse agreed upon between his doctor, the Union and the Service that if he returned to work from his last medical convalence that his duties would only consist of answering telephone calls and monitoring the Facility security cameras in the Control Trailer." I advised DOS Yzaguirre that Mr. Perez is to be informed that since no instruction nor agreements has been found in his service file that his new assignment would be and remain to be as the Key Control Officer until such time he is able to produce the evidence which he claims. Shortly thereafter, I was informed that Mr. Perez had contacted Center Administrator Cabrera to request permission to speak with him . Mr. Cabrera informed him that he was unable to meet with him until 1 p.m. Later, Mr. Perez and DOS Yzaguirre showed up at my office so, that Mr. Perez could speak with me. Again, Mr. Perez stated his case. He explained that he was fearful of accepting his assignment due to fear of the possibility of becoming injured

and not having anyone to fight for his cause. I requested of Mr. Perez to wait in the Key Control Area until I could investigate into his case. After having done so, I informed Mr. Perez of my decision. Again, due to the fact that I was unable to find in his file any evidence to substantiate his claim that the Service had agreed to very limited light duty, I relayed that he would have to work his assigned duty until such time that he was able to produce said evidence. At this time, again I told Mr. Perez that he would have to work as the Key Control Officer. He again said, that he could not. At this time I called Shift Supervisor Senobio Martinez Jr. to witness my offer and directive for Mr. Perez to work his assigned task. Again, he refused. So, Supervisor Senobio and myself had thought about placing Mr. Perez in the lobby as the Lobby Officer. He refused this post as well. Still stating that he could not seat for long periods of time and plainly just did not want to work the lobby. He attempted to propose an alternative that he wanted to be assigned to the Administration Building, Bldg. #1, for the purpose of only answering the phone calls. At this point, I gave him an order that he would have to work as the Key Control Officer and that any refusal would be received as insubordinate to authority. At this point when I tried to resolved the issue with Mr. Perez it seem that nothing that I could do nor say would help to change his mind. So, I had to relieve him of his duties. Meaning that he had to go home for the day without pay. Shortly thereafter, DOS Yzaguirre and Mr. Perez returned to my office. DOS Yzaguirre informed me that Officer Perez was turning in his credentials and badge in order to resign from the Service. At which time, I attempted to talk Mr. Perez out of resigning. Mr. Perez was adamant in his refusal to accept the assignment given to him. His resignation was accepted. Mr. Perez was given forms SF-52 and an Exit Clearance to execute which he refused, however, he did signed his property card turning in his badge and credential.

Attached please find memorandums from Supervisory Detention Officers Senobio Martinez Jr. and DOS Leonardo Yzaguirre Jr. in the case of Detention Officer Manuel Perez.



**U.S. Department of Justice**
Immigration and Naturalization Service

---

Port Isabel Service Processing Center
Rt. 3 Box 341
Los Fresnos, Texas

October 22, 2001

MEMORANDUM FOR   LOUIS D. CASTLE
                 SUPERVISOR DETENTION AND DEPORTATION OFFICER

FROM:      Leonardo Yzaguirre Jr.
           Duty Operations Supervisor

SUBJECT:   Failure to Follow Instructions

    On 10/22/01 at approximately 0800 hours Detention Enforcement Officer Manuel Perez's assignment was the key control. Mr. Perez was given his assignment (key control post) by Supervisory Enforcement Officer Senobio Martinez. Mr. Martinez called me and stated that Mr. Perez was not going to man the key control post and that if he did not get the control trailer, he would go home.

    At approximately 0820 hours, I talked to Mr. Perez and told him that his assignment was the key control. I also advised him that he could not take any annual nor sick leave, if he wanted to go home, he would be charged with Absent Without Official Leave. Addtionally, I advised Mr. Perez to use the chain of command should he need additional information.

    Afterwards, Mr. Perez came into the SDEOs' Office and handed me his credentials and stating that he was leaving. It was during this time that I personally had him escorted to your office where you talked to him to try to reconsider his decision. Thereafter, Mr. Perez was called to the Center Administrator's office. Moments later, I was advised to bring his property card and at this time, Mr. Perez signed his property card and stated that he was resigning from the Service.



**U.S. Department of Justice**
Immigration and Naturalization Service

---

Port Isabel Service Processing Center
Rt. 3 Box 341
Los Fresnos, Texas 78566

*October 22, 2001*

MEMORANDUM FOR LEONARDO YZAGUIRRE
    ACTING CHIEF DETENTION OFFICER

FROM:    Senobio Martinez Jr.
            Supervisory Detention Enforcement Officer

SUBJECT:    Failure to Follow Instructions

    On October 22, 2001, after passing out information in Muster to Officers. I assigned Officer Manuel Perez to the Key Control Room. Officer Perez refused to be posted in the Key Control room and question that who had made the change for him to be assigned to Key Control room. I than called Acting Chief Detention Officer Leo Yzaguire to advise him that Officer Perez did not agree with being assigned to the Key Control room. Mr. Leo Yzaguire talked to Officer Manuel Perez and told him that if he needed additional information, to use the chain of command.

    Supervisor Deportation Louis Castle talked to Officer Manuel Perez with me being present to witness on what had to be said. Officer Castle gave Officer Perez an opportunity for him to work other post assignment. With no other alternatives Mr. Perez insisted to work only the Control Trailer. Officer Castle at this time directed Officer Perez to work Key Control. Mr. Manuel Perez refused to be assigned to the Key Control.

    Officer Perez is fully aware of the appropriate disciplinary actions on both consequences, Absence without Leave and with the disobeying of a "Direct Order" from a Supervisor or Higher Management.