UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 3 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL PEREZ, JR., <br>     Plaintiff, | \* <br> \* <br> \* |
| v. | \*    CIVIL ACTION NO. B-03-140 <br> \* |
| JOHN D. ASHCROFT, Attorney General <br> for the United States, and TOM RIDGE, <br> Secretary of the United States Department <br> of Homeland Security, <br>     Defendants. | \* <br> \* <br> \* <br> \* <br> \* |

### DEFENDANTS' REPLY TO
### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
### AND OBJECTIONS TO PLAINTIFF'S EXHIBITS B, C, AND D

Defendants moved for a dismissal of Plaintiff's lawsuit on the ground that it failed to state a claim upon which relief could be granted. *See,* Rule 12(b)(6) of the FRCP. Alternatively, the Defendants moved for summary judgement on the basis that they are entitled to judgement as a matter of law. *See,* Rule 56(b) of the FRCP. On or about January 25, 2005, Plaintiff submitted his response in opposition to Defendants' motion (hereinafter referred to as Plaintiff's Response).

What follows constitutes the Defendants' reply to some of the assertions posed in the Plaintiff's Response as well as Defendants' objections to Plaintiff's Exhibits B, C, and D. In submitting this Reply, Defendants do not waive or otherwise withdraw any of the arguments posed in their motion to dismiss.

### REPLY

1.    At page 2 of Plaintiff's Response, Plaintiff states :

> *Plaintiff's training class for use of the PR-24 side-handle baton was populated entirely by detention officers with disabilities who were instructed to participate in the training or look for another job.*

In making this statement, Plaintiff implies that the agency was expressing discriminatory intent toward him when it required that he participate in the training exercise from which he sustained his injuries in 1994. This is the first time Plaintiff has made such an allegation. As such, Plaintiff has failed to exhaust his remedies regarding same. The Plaintiff's "Complaint of Discrimination" from which this lawsuit stems, makes absolutely no mention of this issue/incident. See Defendants' Exhibit "H" to its Motion to Dismiss and Alternative Motion for Summary Judgement.

2. Also at page 2 of Plaintiff's Response, Plaintiff alleges:

> *...the MRI recommended by the agency physicians was not authorized for almost two years, and the agency physicians eventually determined Plaintiffs' injuries were outside the scope of their expertise . . . This entitled the Plaintiff to receive 75% of his base pay as workers' compensation, but he did not receive the benefit.*

The determination of entitlement to workers' compensation benefits rests with the Secretary of Labor--not the Defendants named in this lawsuit. Furthermore, under 5 U.S.C. 8128(b) the determination of such benefits lies solely within the authority of the Secretary of Labor and such decisions are not subject to judicial review. And finally, to the extent that Plaintiff seeks to dispute this issue, the Defendants take the position that the Plaintiff has not exhausted his administrative remedies concerning same and any such claims should be dismissed.

3. At page 3 of the Plaintiff's Response, Plaintiff:

> *avers that his superiors actually told him the only way he could continue his salary was by returning to normal work*

*status.*

Plaintiff, however, presents this assertion out of context. As noted by Administrative Officer, Jan Hernandez:

*The medical information the agency received to assumingly cover a period after October, 1996 was insufficient; therefore, the agency did not authorize any further "light duty," and I did inform the Complainant that he could not return to work after October 1996 unless it were in full-duty status. My rationale for telling the Complainant he had to be in a full duty status after October 1996 was in accordance with agency policy, which is determined, as I have explained, by complete medical information the agency receives from proper medical authorities . . .* See Defendants' Exhibit D, p. 4.

*The agency's policy on providing job accommodations for any injury sustained by an employee while on official duty is guided by the circumstances of each case; i.e., the nature of the injury, the results of the examination by proper medical authorities, prognosis, any resulting job limitations, and the like. This policy was followed in the Complainant's case.* Id., at p. 3.

The Plaintiff cannot expect the Defendants to place him into a light duty position without some idea of his physical limitations. Without such information, the only avenues then available were "leave without pay" or regular duty status.

<u>DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT B</u>

4.  Defendants object to Plaintiff's Exhibit "B" on the ground that this exhibit is hearsay. See, FED. R. EVID. 802. Plaintiff submitted this exhibit with no authentication or any other form of credible proof that it was ever submitted to these Defendants at or near the times at issue in this Complaint. Also, it should be noted that the EEO Investigative File for Plaintiff's Discrimination Complaint has an eighty-two page exhibit

described as "Correspondence, including that from Complainant's Physicians, pertaining to Complainant's on-the-job injury and resulting disability." This EEO Exhibit - referred to as Exhibit 14 - does not contain Plaintiff's Exhibit B (or C). Surely, if Plaintiff perceives this exhibit as supportive of his claims, he would have ensured that it would be included in the EEO Investigative file.

5. This document is questionable for a number of reasons. First, it appears that this is an incomplete form. At page 1, Block 7, of Plaintiff's Exhibit "B," it indicates that the Plaintiff's employer and/or supervisor were supposed to provide certain information regarding the physical requirements of his duties. Yet, this section is not completed nor is it signed by any official with the Plaintiff's employing agency.

6. Furthermore, the information provided on this form is inconsistent. At Blocks 14 and 15 of page 2 of Plaintiff's Exhibit "B," it indicates that Plaintiff was told on **November 2, 1992** that he would be able to resume work on **November 15, 1992** (emphasis added). Clearly these dates are not correct. Plaintiff was injured on two separate occasions while employed by the Defendants–the first incident occurred on September 18, 1991, and the second took place on June 15, 1994. Plaintiff's discrimination complaint at issue complains of Defendants' actions that took place after his 1994 on the job injury.

7. Next, at Block 17 it shows that the Plaintiff's "Date of Examination" was May 13, 1996. Then, at Block 18 it indicates that the Plaintiff's next

appointment (presumably following the May 13, 1996 appointment at Block 17) was/is December 2, 1996. Yet, the Plaintiff's doctor did not sign this form until November 13, 1996 - six months following his last examination and two weeks before Plaintiff's next examination. Hence, even if Plaintiff were to produce some form of credible proof that he submitted the document to the Defendants in this case[1], Defendants would have a reasonable basis for which to question the accuracy of the information.

8. For the foregoing reasons, Plaintiff's Exhibit B should not be deemed admissible.

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT C

9. Likewise, Defendants object to Plaintiff's Exhibit C on the ground of hearsay and relevance. FED. R. EVID. 802 and 402. Plaintiff's Exhibit C contains no authentication or any other form of credible proof that it was ever submitted to these Defendants at or near the times at issue in this Complaint. Also, it should be noted that the EEO Investigative File for Plaintiff's Discrimination Complaint has an eighty-two page exhibit described as "Correspondence, including that from Complainant's Physicians, pertaining to Complainant's on-the-job injury and resulting disability." As with Plaintiff's Exhibit B, this EEO Exhibit - referred to as Exhibit 14 - does not contain Plaintiff's Exhibit C.

---

[1] It should be noted that this is a Department of Labor form. The Department of Labor processed Plaintiff's Workman's Compensation claim.

10. In addition, Defendants question the relevance of this exhibit. Plaintiff's Exhibit C consists of physical therapist notes and evaluations. As noted by Defendants in their dismissal motion, Administrative Officer Hernandez indicated that the agency needed the Plaintiff's doctor to provide: (1) his diagnosis, (2) his plan of treatment, (3) his prognosis concerning the Plaintiff's condition, and (4) and a statement that described the restrictions or limitations in connection with the patient's work (See *Defendants' Exhibit D at page 3* of Defendants' Motion to Dismiss and Alternative Motion for Summary Judgement). Plaintiff fails to demonstrate how the information at Exhibit C supports his contention that he "provided sufficient medical reports responsive to the request soon after his request to return to light duty."

11. For the foregoing reasons, Plaintiff's Exhibit C should not be deemed admissible.

### DEFENDANTS' OBJECTION TO PLAINTIFF'S EXHIBIT D

12. Likewise, Plaintiff's Exhibit D misses the mark and it should be deemed inadmissible on the basis that it lacks relevance. FED. R. EVID. 402. At Block 21, Dr. Sweeney corroborates Defendants' contentions that Plaintiff had not been released to work. Exhibit D shows that the Plaintiff sustained an injury and that Dr. Sweeney provided him some treatment for the injury. Dr. Sweeney never stated that the Plaintiff could work in any type of status—light duty or regular duty—and Dr. Sweeney certainly did not describe the nature of the Plaintiff's physical limitations or restrictions.

13. For the foregoing reasons, Plaintiff's Exhibit D should not be deemed admissible.

## CONCLUSION

Defendants pray that this Court sustain their objections to Plaintiff's Exhibits B, C and D, and enter an order dismissing Plaintiff's lawsuit, with prejudice. In the alternative, Defendants pray that this Court grant the Defendants' Motion for Summary Judgement and render judgement for the Defendants and against the Plaintiff.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

/s/ Nancy L. Masso
NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of "DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND OBJECTIONS TO PLAINTIFF'S EXHIBITS B, C, AND D" was mailed, via first class mail, on **February 3, 2005**, to Plaintiff's attorney, Mr. T. Mark Blakemore, Attorney at Law, 835 E. Levee St., 6th Floor, Brownsville, Texas 78520.

/s/ Nancy L. Masso
NANCY L. MASSO